

# THE ATTORNEY GENERAL
## OF TEXAS

January 19, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Tom Maness
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas    77704

Opinion No. JM-846

Re:    Whether a provision of
the city charter of the city
of Groves is consistent with
article 988b, V.T.C.S.
(RQ-1168)

Dear Mr. Maness:

You ask the following three questions in regard to local conflict of interest situations.

> 1. Is the provision concerning conflict of interest in the city charter of Groves inconsistent with article 988b, V.T.C.S.?

> 2. May a council member, who has a substantial interest in a business entity which was awarded a contract with the city on a bid basis and who did not participate in the vote to award the contract, thereafter vote upon the payment of periodic bills submitted under the contract?

> 3. May a member of the council, who has a substantial interest in a business entity, which is the only business entity that provides a needed service or product, participate in a vote for the purchase of such services or materials?

Your first question relates to the possible inconsistency between the provisions of the charter of the city of Groves and the provisions of article 988b, V.T.C.S. As a matter of policy, this office does not interpret city charter provisions, and we decline to do so. We note, however, that chapter 362, Acts 1987, 70th Leg., at 3569, in amending article 988b, states that the article is cumulative of city charter provisions.

Before we address your next two questions, it is necessary to examine the statute, which was codified and

amended by the 70th Legislature. The act governing local public officials' conflicts of interest, originally designated as article 988b, V.T.C.S., is now codified in chapter 171 of the Local Government Code. The reenactment of the law in the code was a nonsubstantive codification as indicated by the language in chapter 171 and the statement of intent found in the codifying act. Acts 1987, 70th Leg., ch. 149, §51, at 2548.

Section 1.002 of the Local Government Code requires that the Code Construction Act, now found at chapter 311 of the Government Code, be used to interpret its provisions. Section 311.031, subsections (c) and (d) of the Government Code, govern the interpretation of statutes that were codified and amended by the same legislature. Those subsections read as follows:

> (c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.

> (d) If any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls.

The substantive amendments to the statute enacted by the 70th Legislature must "be given effect as part of the code provision that revised the statute." The amendments to article 988b passed by the 70th Legislature are found in chapters 323, 362, and 659. Acts 1987, 70th Leg. Section 311.025 of the Government Code aids in the interpretation of multiple amendments to the same statute during a single legislative session. That section reads as follows:

> (a) Except as provided by Section 311.031(d), if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.

> (b) Except as provided by Section 311.031(d), if amendments to the same statute are enacted at the same session of the legislature, one amendment without

> reference to another,  the amendments  shall
> be harmonized, if  possible,  so that  effect
> may be given to each.   If the amendments are
> irreconcilable,   the   latest   in  date   of
> enactment prevails.

The amendment to section 3,   chapter 659 only adds  to the
definition of  "local public  official"  found in  section
1(1),  article  988b, and  is readily  harmonized with  the
other amendments.   The amendment  represented by  chapter
362 was  finally adopted  by the  legislature  on May  29,
1987, by the  concurrence of  the house  in senate  amend-
ments.   That  amendment  represented  by chapter  323  was
finally adopted by  the legislature  on June  1, 1987,   by
both the  house  and  the  senate  adopting  a  conference
committee report.   See Acts  1987, 70th Leg., ch.   323, at
3431, and ch. 362, at 3566.   For the most part there is no
conflict  between  the  two  acts;  most  of  the  changes
effected by chapter 323 were included in chapter 362.   For
the purposes of  this opinion,  we will  state the law  in
terms of the sections of article 988b, because that is the
form in which we find it.

In responding  to your  second  and third  questions,
section 1(1) defines "local public official"  as "a member
of the governing  body . . . of  any . . . city . . .  who
exercises responsibilities beyond those that  are advisory
in nature. . . ."  Local Gov't Code §171.001(1).  Sections
51.001 and 54.001 of the Local Government Code define some
of the responsibilities of the city  council, e.g., adopt,
amend, repeal  and enforce  ordinances.  A  member of  the
city council is  unquestionably one  of those  individuals
that this act was intended to include.

You stated the council member's  substantial interest
in a  business  entity as  a  matter  of  fact  in  both
questions, and we are in no position to question it.

We are assuming  that the  city council  member  about
whom you inquire has "a substantial interest in a business
entity" within the meaning  of section 2(a).   Chapter 362
amended that section to read as follows:

> Sec.   2.   SUBSTANTIAL   INTEREST.   (a)   A
> person  has  a  substantial  interest  in  a
> business entity if:

> (1)   the person owns  10 percent or  more
> of the voting stock or shares or of the fair
> market value of the business entity or  owns

$5,000 or more of the fair market value of the business entity; or

(2) funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year.

Your second question asks whether a city council member, who has a substantial interest in a business entity, may vote on the question of the payment of bills to that business entity.

Section 4, as last amended by chapter 323, Acts 1987, 70th Leg., reads in part as follows:

Sec. 4. AFFIDAVIT (a) If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be pecuniarily affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter. The affidavit must be filed with the official recordkeeper of the governmental entity.

(b) If a local public official is required to file and does file an affidavit of interest under Subsection (a) of this section, that official shall not be required to abstain from further participation in the matter or matters requiring such an affidavit if a majority of the members of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interests on the same official action.

This section requires that the public official file an affidavit describing his interest in the business entity and abstain from further participation in the matter if the business entity would be pecuniarily affected by the official action. In our opinion a city council member is prohibited from voting on the payment of bills submitted

by a business entity in which he holds a substantial interest.  See Attorney General Opinion JM-424 (1986).

In your third question you ask if a city council member may participate in a vote on the purchase of a needed product or service that is available only from a business entity in which he holds a substantial interest. The only exception to the general prohibition of participation in the matter in the amended law, is found in section 4(c), which allows local public officials, after filing affidavits, to participate in the decision-making in spite of their holding a substantial interest, if "a majority of the membership of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interest. . . ."

The member with a substantial interest in the business entity must file an affidavit declaring his interest and abstain from voting on the matter unless a majority of members of the governmental entity are similarly required to file affidavits.

## S U M M A R Y

A member of the city council is a "local public official" within the meaning of section 171.001(1) of the Local Government Code [former article 988b, V.T.C.S.]. A council member violates section 171.004 by voting on the payment of bills submitted by an entity in which he holds a substantial interest. A city council member also violates section 171.004 of the Local Government Code by voting on the purchase of goods or services provided by a sole source business entity in which he has a substantial interest, unless a majority of members of the city council are required to file and do file affidavits of similar interests on the same official action.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General